Bremer's Estate

Before Gest, Henderson, Van Dusen and Sinkler, JJ.

498

*Raymond M. Remick,* of *Saul, Ewing, Remick & Saul,* for exceptant.
*Warwick Potter Scott,* contra.

SINKLER, J., April 7, 1933.—The exceptions filed by Lewis Bremer, Jr., one of the trustees named in the will of Lewis Bremer, dated August 27, 1923, are to the effect that the auditing judge erred in directing that there be stricken from the account certain items of credit for fees paid to witnesses, counsel and other disbursements growing out of an unsuccessful contest before the register of wills upon a caveat to the testator's will dated December 9, 1930. Three other wills were executed after that of 1923 and before the present will.

The brief of argument filed in behalf of exceptant admits that the discretion of the auditing judge must be exercised, after consideration of all the facts and circumstances, as to whether the disbursements in question are proper items of credit, and continues that the court was led astray and prejudiced against the exceptant. The following question of the auditing judge at the audit is quoted: "In what capacity did the son participate in this proceeding?" and the reply made by counsel for Dr. Reedy, a legatee of one-fourth of the residuary estate: "Purely in his individual capacity as caveator."

There follows immediately in the notes of testimony: "Mr. Remick: I do not want to interrupt Mr. Scott, but that is entirely wrong and it is a misstatement of fact. Mr. Scott: I have quoted the relevant portions in my brief." Mr. Remick then stated that the exceptant appeared in both capacities, that is, as an individual and as trustee under the will of August 27, 1923. The auditing judge, after examining a copy of the caveat contained in a brief of argument handed to him during the audit, said: "I see from this brief, Mr. Remick, it is in both capacities the son filed the caveat."

500

The caveat designates "Lewis Bremer, Jr., the son and next of kin of the decedent and one of the executors and trustees named in the last will and testament of the said decedent dated August 27, 1923." While the caveat is signed "Lewis Bremer, Jr." and the affidavit thereto is signed in like manner, it is in effect the act of the caveator both as an individual and as trustee.

. The auditing judge was under no misapprehension in his consideration of the facts and circumstances, and we find no abuse in the exercise of his discretion.

The exceptions are dismissed and the adjudication is confirmed absolutely. ·